WICAL, APPELLANT, *v.* BERNARD, EXR.; WILSON, APPELLEE, ET AL.

WICAL *v.* BERNARD, EXR.; WILSON, APPELLEE; MERRIWEATHER, APPELLANT.

[Cite as Wical v. Bernard (1971), 26 Ohio St. 2d 55.]

(Nos. 70-181 and 70-182—Decided April 14, 1971.)

*Mr. Kenneth O. Stone* and *Mr. Charles R. Kirk,* for appellants.

*Mr. P. Paul Pusateri,* for appellee.

*Per Curiam.* R. C. 2741.01 provides that a "person interested in a will" may contest its validity. A person interested, within the meaning of the statute, is one who has a direct pecuniary interest in the estate of the putative testator that would be impaired or defeated if the instrument admitted to probate is a valid will. *Chilcote* v. *Hoffman* (1918), 97 Ohio St. 98. See, also, *Bloor* v. *Platt* (1908), 78 Ohio St. 46.

Both Wical and Merriweather would have had a direct pecuniary interest in the estate of George E. Wilson under the 1962 will. Assuming, however, that the 1962 will was

validly revoked, both Wical and Merriweather would continue to have a direct pecuniary interest in that estate under the "half and half" statute (R. C. 2105.10), if the allegations of the petition with respect thereto are true. *In re Estate of Sherick* (1957), 167 Ohio St. 151; *Kluever v. Cleveland Trust Co.* (1962), 173 Ohio St. 177.

These allegations were not denied in the amended answer of Julia K. Wilson, surviving spouse. That answer denied *only* the "existence of any unprobated last will and testament of the decedent," and claimed that "by reason of the foregoing facts" (the nonexistence of any unprobated will), Wical had no right to contest the will. The evidence taken by the trial court was confined solely to that issue.

No claim has ever been made by appellee in any of the proceedings of this case that, in fact, Wical and Merriweather would not be beneficiaries of a portion of the estate if it be determined that George E. Wilson died intestate. It is only claimed that no evidence to such effect was adduced at the hearing held by the trial court. Since that hearing was held in response to the amended answer which asserted *only* that there was no unprobated will in existence, there was no reason for introduction of any evidence not related to that issue.

The conclusion of the trial court that Wical had "waived his right" to introduce evidence in support of an allegation of his petition, which has never been denied, is erroneous, and requires reversal of the judgment below. Thus, we need not pass on the other claims of error in respect to such judgment.

The judgment of the Court of Appeals, affirming the dismissal by the Common Pleas Court of the will contest case, is reversed and the cause remanded to the Common Pleas Court for further proceedings.

*Judgment reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.