[Cite as *Cook v. Everhart*, 2019-Ohio-3044.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOHN COOK,                                         :

    Plaintiff-Appellant,              :

    v.                                :                    No. 107867

MAXINE EVERHART, ET AL.,                           :

    Defendants-Appellees.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 25, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Probate Court Division
Case No. 2017 ADV 224817

---

### *Appearances:*

Marc L. Stolarsky Law, L.L.C., and Marc L. Stolarsky, *for appellant.*

A. Sirvaitis & Associates, Algis Sirvaitis, and Brenda T. Bodnar, *for appellees.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Plaintiff-appellant, John Cook, appeals from the probate court's judgment granting the motion for summary judgment of defendant-appellee,

Maxine Everhart, as executor of the estate of Roosevelt Striggles. For the reasons that follow, we affirm.

## I.  Background and Procedural History

{¶ 2}  Striggles died on October 18, 2016, and his Last Will and Testament, dated December 13, 2014 (the "Last Will"), was admitted to probate court.

{¶ 3}  Cook, who was a friend of Striggles, filed a complaint challenging the Last Will and seeking a judgment that the Last Will was not valid in light of Striggles's mental incapacity. Cook attached to his complaint a copy of a will that Striggles had executed on April 19, 2006 (the "2006 Will"). Item III of the 2006 Will bequeathed the real property at 17607 Harvard Avenue to Cook, subject to a life estate in the property by Striggles's wife.

{¶ 4}  Cook then filed a motion asking the court to order Everhart, as executor of Striggles's estate, to sign a HIPPA authorization for the release of Striggles's medical records. Everhart filed a brief in opposition in which she asked the court to delay ruling on Cook's request for the HIPPA authorization pending the filing of her motion for summary judgment.

{¶ 5}  Everhart then filed a motion for summary judgment. She attached to her motion copies of a will that Striggles executed on June 30, 2014 (the "Interim Will"). The Interim Will did not name Cook as a beneficiary of the real property on Harvard Avenue; in fact, Cook was not named at all in the Interim Will. Everhart also attached to her motion for summary judgment a copy of the Last Will. As with the Interim Will, the Last Will did not name Cook as a beneficiary of the Harvard

Avenue real property nor mention him at all. In light of the Interim Will and the Last Will, both of which were executed after the 2006 Will, Everhart argued that Cook lacked standing to challenge Striggles's Last Will and therefore, his complaint should be dismissed.

{¶ 6} Everhart also attached to her motion for summary judgment a copy of a Transfer on Death Affidavit, executed by Striggles on December 13, 2014, and filed with the Office of the Cuyahoga County Fiscal Officer on February 13, 2015. The affidavit showed that Striggles was the sole owner of the Harvard Avenue property, and that it was to pass to Everhart as sole beneficiary upon his death. Accordingly, Everhart argued that the Harvard Avenue property was not even part of Striggles's estate after his death.

{¶ 7} The trial court subsequently granted the motion for summary judgment and dismissed Cook's complaint, ruling that Cook did not have standing to contest the Last Will. The court also ruled that in light of its ruling on the summary judgment motion, Cook's motion for an order compelling the HIPPA authorization was moot. This appeal followed.

## II.  Law and Analysis

{¶ 8} We review a trial court's decision on a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds

can only reach a conclusion that is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 210 (1998).

{¶ 9} In his first assignment of error, Cook argues that the trial court erred in granting summary judgment to Everhart because there was a genuine issue of material fact regarding Striggles's testamentary intent. Specifically, Cook contends that by granting Everhart's motion for summary judgment and dismissing his complaint, the trial court eliminated his ability to obtain Striggles's medical records to demonstrate Striggles's testamentary incapacity regarding the Last Will. In his second assignment of error, Cook contends that the trial court erred in finding that he lacked standing to challenge the validity of the Last Will. We consider the assignments of error together because they are related.

{¶ 10} It is well established that before a court may consider the merits of a legal claim, the person seeking relief must establish standing to sue. *State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 86 Ohio St.3d 451, 469, 715 N.E.2d 1062 (1999). In an action contesting the validity of a will, R.C. 2107.71(A) requires that the party challenging the will be a "person interested" in the will. A "person interested," within the meaning of the statute, is one who has a direct pecuniary interest in the testator's estate that would be impaired or defeated by the probate of the will, or benefitted by setting aside the will. *Wical v. Bernard*, 26 Ohio St.2d 55, 57, 269 N.E.2d 45 (1971); *In re Estate of Scanlon*, 8th Dist. Cuyahoga No. 95264, 2011-Ohio-1097, ¶ 12.

{¶ 11} It is undisputed that the Last Will did not bequeath anything to Cook. Accordingly, he cannot claim to be a "person interested" in the Last Will as a beneficiary under the will. Nevertheless, Cook contends that because he is a beneficiary under the 2006 Will, he has standing as an "interested person" to contest the validity of the Last Will.

{¶ 12} It is undisputed that Cook was a friend of Striggles and not a blood relative. Accordingly, he would not be entitled to inherit by intestate succession if the Last Will were found to be invalid. *See* R.C. 2105.06. When a party contesting a will, who would not otherwise inherit by statute, seeks to bring himself within the status of an interested person by virtue of a prior will, he must demonstrate that if the probated will were invalidated, he would have an interest in the decedent's estate by virtue of a prior will that has not been validly revoked. *J. Barnhart v. M. Barnhart*, 4th Dist. Ross No. 921, 1983 Ohio App. LEXIS 13570, * 6 (Jan. 27, 1983). Cook cannot make such a showing.

{¶ 13} Under R.C. 2107.03, "except oral wills, every will shall be in writing, but may be handwritten or typewritten. The will shall be signed at the end by the testator or by some other person in the testator's conscious presence and at the testator's express direction." In addition, "the will shall be attested and subscribed in the conscious presence of the testator, by two or more competent witnesses, who saw the testator subscribe, or heard the testator acknowledge the testator's signature."

{¶ 14} As the trial court found in its journal entry granting Everhart's motion for summary judgment, Everhart made a prima facie showing that the Interim Will is valid:

> [T]he will is typewritten, is signed at the end by the testator, and is signed by three witnesses that attest the decedent signed the will in their presence. The intervening will executed on June 30, 2014, further revokes any and all wills that were made prior thereto, which includes the decedent's will executed on April 19, 2006, thereby terminating [Cook's] standing to contest the most recent will executed on December 13, 2014.

In short, because the Interim Will made no bequest to Cook, and because it validly revoked all former wills — including the 2006 Will — Cook cannot demonstrate that if the Last Will were invalidated, he would have an interest in Striggles's estate by virtue of a prior will that has not been validly revoked. Thus, Cook cannot demonstrate that he is an "interested person" pursuant to R.C. 2107.71(A).

{¶ 15} Furthermore, the record reflects that the Harvard Avenue property in which Cook claims an interest is not even part of Striggles's estate. Rather, it passed upon Striggles's death to Everhart by virtue of the Transfer on Death affidavit executed by Striggles and filed with the Office of the Cuyahoga County Fiscal Officer before Striggles's death. Thus, it is apparent that Cook does not have any pecuniary interest in Striggles's estate that would be impaired or defeated by probating the Last Will.

{¶ 16} Because Cook is not an "interested person" under R.C. 2107.71(A), he has no standing to challenge the Last Will. Accordingly, the trial court did not err in granting Everhart's motion for summary judgment and dismissing Cook's

complaint.  Furthermore, because Cook has no standing to challenge the Last Will, the trial court did not err in ruling that his motion for an order compelling a HIPPA authorization for the release of Striggles's medical records was moot.

{¶ 17}  Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

SEAN C. GALLAGHER, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR